UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LYNN PATRICK and THOMAS KRAFFT**                                **PLAINTIFFS**

**V.**                                                  **CIVIL ACTION NO.1:06CV725 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY;**
**CATHY ADAMS MASON; and JOHN WILDSMITH**              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The court has before it Plaintiffs Lynn Patrick and Thomas Krafft's (Krafft) motion [12] to remand. The court also has before it Defendant Cathy Adams Mason's (Mason) motion [2] to dismiss or alternatively for summary judgment.

This is an action for property damage sustained during Hurricane Katrina. Plaintiffs own residential property in Diamondhead, Mississippi, and are Mississippi citizens for purposes of ascertaining this Court's diversity jurisdiction. Mason is also a Mississippi citizen. The resolution of both of these pending motions depends on whether the plaintiffs have pled a valid cause of action against Mason and can offer evidence in support of their claims against Mason.

According to the allegations of the First Amended Complaint, in 2002 plaintiffs purchased two insurance policies through Mason, a local agent for State Farm Fire and Casualty Company (State Farm), a homeowners policy and a flood policy. The flood policy carried limits of $250,000 on the plaintiffs' dwelling and $100,000 on the plaintiffs' contents. The coverage limits under the homeowners policy were higher ($349,700 dwelling and $262,275 contents). Plaintiffs allege that at the time they purchased these policies, Krafft asked Mason for quotes on higher limits of coverage under both policies. The complaint alleges (Paragraph 19) that Mason told Krafft "that he could not obtain any additional flood insurance." Plaintiffs allege that they relied upon this inaccurate information to their detriment (Amended Complaint Paragraph 100).

As I appreciate the allegations against Mason, plaintiffs contend that at the time they purchased these two policies they made a specific request for excess flood insurance to Mason; that excess flood insurance was available in the insurance market at that time; and that they would have purchased this excess flood policy had not Mason misinformed them, telling them that excess flood coverage was not available. Plaintiffs also allege that Mason was negligent in her failure to secure additional flood insurance in accordance with the plaintiffs' request at the time the Allstate policies were purchased. (Amended Complaint Paragraph 59).

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992); *See: Haggans v. State Farm Fire and Casualty Company*, 803 So.2d 1249 (Miss. 2002). If the plaintiffs are able to substantiate their allegations, they may be able to prove actionable negligence on the part of Mason, and if that is the case, this action must be remanded. Of course, I express no opinion on the merits of the plaintiffs' claim against Mason. The many factual issues that would have to be proved to support the plaintiffs' claim against Mason must be decided by the finder of fact on a fully developed record.

At this juncture, the salient point is that if these allegations can be substantiated to the satisfaction of the finder of fact, and if the plaintiffs prevail on other issues, such as causation, plaintiffs have a sound legal theory on which they may proceed, subject to Mason's defenses, including her assertion of a defense based on the applicable period of limitations having expired. This being the case, this action must be remanded and adjudicated in the state court system.

However, Mason has filed her own motion to dismiss, or in the alternative for summary judgment. Mason has two legal theories she offers in support of her motion: 1) that she did not meet with or have any discussions with the plaintiffs prior to Hurricane Katrina, and 2) that the statute of limitations has run against the plaintiffs in any event.

With respect to the statute of limitations defense, I am of the opinion that there are genuine issues of fact which preclude, at this juncture, resolution of this issue as a matter of law. While plaintiffs allege that the transaction in which the two policies were purchased occurred in 2002, this alone would not necessarily lead to the conclusion that their action is time-barred. Among the relevant fact issues which have a bearing on this legal issue is the question when the plaintiffs' cause of action accrued, i.e. whether the cause of action accrued at the time of the alleged misrepresentation, at the point the plaintiffs knew or should have known about the misrepresentation, or at the time of the loss. Regardless of which court ultimately adjudicates the dispute between the plaintiffs and Mason, these issues of fact and the related issues of law will have to be decided on a more complete record than the one before me.

With respect to the first ground for dismissal Mason asserts, Mason has submitted her affidavit stating that she never gave any advice to the plaintiffs and that she did not take the plaintiffs' application for insurance. (Exhibit C to Mason's memorandum in support of her motion to dismiss) This evidence directly contradicts the allegations of the Amended Complaint, and if it is true that Mason neither advised the plaintiffs concerning insurance nor dealt with them in connection with these policies, Mason would be entitled to be dismissed from this action. Plaintiffs have submitted no evidence on this point beyond the allegations of the Amended Complaint.

Case 1:06-cv-00725-LTS-RHW   Document 25   Filed 03/20/07   Page 3 of 3

While the allegations of the complaint are ordinarily accepted as true and all favorable inferences granted to the plaintiffs when allegations of fraudulent joinder support removal, I am unwilling to disregard the affidavit submitted by Mason in deciding the merits of the motion to remand.

Accordingly, I will hold both motions in abeyance, and I will allow the plaintiffs a period of fourteen days from the date of this order within which they may submit evidence, in the form of affidavits or otherwise, to support the allegations of the complaint concerning Mason. I will allow the defendants an additional fourteen days after the submission of this evidence within which to respond to the evidence the plaintiffs submit. I will then consider both motions in light of this additional evidence.

**SO ORDERED** this 19th day of March, 2007.

<u>s/ L. T. Senter, Jr.</u>

SENIOR JUDGE