UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**LYNN PATRICK and THOMAS KRAFFT**                                          **PLAINTIFFS**


V.                                          CIVIL ACTION NO.1:06CV725 LTS-RHW


**STATE FARM FIRE AND CASUALTY COMPANY;**
**CATHY ADAMS MASON; and JOHN WILDSMITH**                        **DEFENDANTS**


### MEMORANDUM OPINION AND ORDER

The court has before it three related motions: Plaintiffs Lynn Patrick and Thomas Krafft's (Krafft) motion [12] to remand as supplemented by the submission of Krafft's affidavit [27]; State Farm Fire and Casualty Company's (State Farm) motion [32] to strike the affidavit of Krafft; and Defendant Cathy Adams Mason's (Mason) motion [2] to dismiss or alternatively for summary judgment.

This is an action for property damage sustained during Hurricane Katrina. Plaintiffs own residential property in Diamondhead, Mississippi, and are Mississippi citizens for purposes of ascertaining this Court's diversity jurisdiction. Mason is also a Mississippi citizen. The resolution of Krafft's motion to remand and Mason's motion to dismiss or for summary judgment depends on whether the plaintiffs have pled a valid cause of action against Mason and can offer evidence in support of their claims against Mason. Krafft has submitted his affidavit in support of the allegations of the amended complaint, and State Farm has challenged the admissibility of this affidavit. According to the allegations of the First Amended Complaint, in 2002 plaintiffs purchased two insurance policies through Mason, a local agent for State Farm Fire and Casualty Company (State Farm), a homeowners policy and a flood policy. The flood policy carried limits of $250,000 on the plaintiffs' dwelling and $100,000 on the plaintiffs' contents. The coverage limits under the homeowners policy were higher ($349,700 dwelling, $34,970 dwelling extension, and $262,275 contents). Plaintiffs allege that at the time they purchased these policies, Krafft asked Mason for quotes on higher limits of coverage under both policies. The complaint alleges (Paragraph 19) that Mason told Krafft "that he could not obtain any additional flood insurance." Plaintiffs allege that they relied upon this inaccurate information to their detriment (Amended Complaint Paragraph 100).

As I appreciate the allegations against Mason, plaintiffs contend that at the time they purchased these two policies they made a specific request for excess flood

insurance to Mason; that excess flood insurance was available in the insurance market at that time; and that they would have purchased this excess flood policy had not Mason misinformed them, telling them that excess flood coverage was not available. Plaintiffs also allege that Mason was negligent in her failure to secure additional flood insurance in accordance with the plaintiffs' request at the time the Allstate policies were purchased. (Amended Complaint Paragraph 59).

In support of these allegations, Krafft has given his affidavit [28] stating that he "specifically asked for more flood insurance." (Krafft Affidavit Paragraph 9) and that "In response, Ms. Mason told me that I could not get more flood insurance." (Krafft Affidavit Paragraph 10) The truth of these statements is directly contradicted by Mason's affidavits signed on July 14, 2006, (Exhibit C to Memorandum in Support of Motion To Dismiss or, in the Alternative, Motion for Summary Judgment) and April 16, 2007. (Exhibit A to Motion To Strike Affidavit of Thomas Krafft)

State Farm's motion to strike Krafft's affidavit asserts that Krafft's affidavit should be disregarded and stricken from the record because it contains statements that do not appear in the amended complaint and because it is contradicted by the affidavits of Mason and Dianne Strahan, an employee in Mason's office.  State Farm also argues that the affidavit is in improper form.

I find that the substance of the Krafft affidavit complies with the requirement that it be made on first hand knowledge in that the affidavit recites facts in which Krafft claims to have directly participated.  State Farm also contends that the affidavit and the allegations of the amended complaint are not identical.  Any inconsistencies between the allegations of the amended complaint and the more detailed account of the facts given in Krafft's affidavit may be grounds for cross-examination, but the differences are hardly contradictory and are not grounds upon which this affidavit may be disregarded or stricken from the record.  While there is certainly an irreconcilable conflict in the substance of the three affidavits now before me, at this juncture, in the context of this motion to remand, Krafft's affidavit must be taken into consideration on the pending motions to remand and for summary adjudication of the claims against Mason.

In the context of a removal based on allegations of misjoinder, I must accept the allegations of the complaint that are supported by the Krafft affidavit and I must grant the plaintiffs all favorable inferences of fact and the benefit of the doubt on issues of law.  *Dodson v. Spiliada Marine Corp.*, 951 F.2d 40 (5th Cir.1992).  Applying these legal standards to the motion to remand, I find that the plaintiffs have stated a viable theory of recovery against Mason, and that this court does not have subject matter jurisdiction under 28 U.S.C. §1332.  Accordingly, this action will be remanded to the state court from which it was removed.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612

So.2d 1131 (Miss.1992); *See: Haggans v. State Farm Fire and Casualty Company*, 803 So.2d 1249 (Miss. 2002). If the plaintiffs are able to substantiate the allegations they have made in their complaint, they have at least a valid legal theory on which they may proceed against Mason. Of course, I express no opinion on the merits of the plaintiffs' claim against Mason. The many factual issues that would have to be proved to support the plaintiffs' claim against Mason must be resolved by the finder of fact on a fully-developed record.

At this juncture, the salient point is that if these allegations can be substantiated to the satisfaction of the finder of fact, and if the plaintiffs prevail on other issues, such as causation, plaintiffs have a sound legal theory on which they may proceed, subject to Mason's defenses, including her assertion of a defense based on the applicable period of limitations having expired. This being the case, this action must be remanded and adjudicated in the state court system.

With respect to Mason's motion [2] to dismiss, I find that the affidavit submitted by the plaintiff in support of the motion to remand is sufficient to make a factual issue concerning the conversation she is alleged to have had with Thomas Krafft. (Affidavit of Thomas Krafft submitted as Exhibit A to the Supplemental Motion To Remand) Accordingly, I will deny Mason's alternative motions [2] to dismiss or for summary judgment.

With respect to the statute of limitations defense, I am of the opinion that there are genuine issues of fact which preclude, at this juncture, resolution of this issue as a matter of law. While plaintiffs allege that the transaction in which the two policies were purchased occurred in 2002, this alone would not necessarily lead to the conclusion that their action is time-barred. Among the relevant fact issues which have a bearing on this legal issue is the question when the plaintiffs cause of action accrued, i.e. whether the cause of action accrued at the time of the alleged misrepresentation, at the point the plaintiffs knew or should have known about the misrepresentation, or at the time of the loss. Regardless of which court ultimately adjudicates the dispute between the plaintiffs and Mason, these issues of fact and the related issues of law will have to be decided on a more complete record than the one before me.

An appropriate order will be entered.

**DECIDED** this 23rd day of April, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE